UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID MATHEW PRUITT,<br><br>                        Plaintiff,<br>     v.<br><br>STATE OF NEVADA, *et al.*,<br><br>                      Defendants. | Case No. 3:17-cv-00234-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

       This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

       Before the court is Plaintiff's Application to Proceed In Forma Pauperis (IFP) (ECF No. 1) and pro se Complaint (ECF No. 1-1).

### **I. IFP APPLICATION**

       A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

       In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,* 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application should be granted.

## II. SCREENING

### A. Standard

"The court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal

pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff brings this action against the following defendants: State of Nevada, Department of Public Safety, Nevada Highway Patrol, County of Lyon, City of Fernley, Dennis Osborn, Michael W. Osterman, Alvin H. McNeil, Jr., Doe Deputies 1, 2, 3, Lori Matheus, Brandi Jensen, Kathy Bennet, Cindy Buckmeyer, Kenneth V. Ward, and Aaron S. Mouritsen. (ECF No. 1-1 at 1.) The Complaint contains four causes of action, with causes of action one and three labeled "trespass," and causes of action two and four labeled "trespass on case."

The court will now review and screen each cause of action.[1]

**1. First Cause of Action for Trespass**

Plaintiff claims he is not a U.S. citizen, but a "non-citizen national of the united States of America, a people on the land." (ECF No. 1-1 at 3 ¶ 9.) He contends that on January 16, 2017, he

---

[1] While based on separate incidents, many parts of this complaint are substantially similar to one filed by Rebecca Rene Barrington, 3:17-cv-00150-MMD-WGC, for which the undersigned recently issued a report and recommendation for dismissal with prejudice.

was returning home from work after completing the graveyard shift and was traveling southbound, while defendant Osterman was driving northbound in the opposite lane. (*Id*. ¶ 13.) He claims that he was safely traveling at the posted speed when Osterman slammed on the brakes of his Nevada Highway Patrol vehicle and made an abrupt U-turn, and stopped Plaintiff at 8:13 a.m. (*Id*. ¶¶ 13-14.) He asked for Plaintiff's registration and driver's license. (*Id*. ¶ 14.) Plaintiff alleges he was in fear of his safety due to Osterman's agitated demeanor and body language. (*Id*.) Osterman then ordered Plaintiff to get out of the car, and in fear for his life, Plaintiff complied. (*Id*.) Osterman handed Plaintiff an electronic device and forced Plaintiff to sign it under threat of violence, and claimant wrote on the citation, "No Contract, No Consent" and signed his name. (*Id*. ¶ 15.) Osterman asked what it said, and Plaintiff answered, "No Contract." (*Id*.) Osterman told Plaintiff to re-sign it or he would go to jail. (*Id*.) Plaintiff complied. (*Id*.) Plaintiff states that Osterman falsely swore in an affidavit that he had probable cause to detain Plaintiff. (*Id*. at 4 ¶ 18.) Plaintiff includes a copy of the citation which indicates Plaintiff was cited for speeding. (ECF No. 1-1 at 23.)

Insofar as Plaintiff claims there was no probable cause for the stop, the Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend IV. A traffic stop is a seizure within the meaning of the Fourth Amendment. *See Delaware v. Prouse*, 440 U.S. 648, 653 (1979). An officer need only have reasonable suspicion to justify the seizure. *See United States v. Lopez-Soto*, 205 F.3d 1101, 1104-05 (9th Cir. 2000) (reasonable suspicion is enough to support an investigatory traffic stop under the Fourth Amendment). This requires "'specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity.'" *Id.* (quoting *United States v. Michael R.*, 90 F.3d 340, 346 (9th Cir. 1996)).

Taking as true Plaintiff's allegations (as the court must do at this stage) that he was traveling at the posted speed limit, and he was cited for speeding so that there was no reason for the stop, Plaintiff should be permitted to proceed with a Fourth Amendment claim against Osterman.

### 2. Second Cause of Action for Trespass on Case

Plaintiff alleges that he was in court on March 14, 2017, indicating that he appeared under duress, before defendant Matheus. (ECF No. 1-1 at 4 ¶ 21.) He challenged the jurisdiction of the court and filed this with Buckmeyer, but Matheus refused to address the challenge. (*Id.* ¶ 22.)

Matheus asked Plaintiff if he wanted to plead guilty or not guilty, but did not instruct him concerning a plea of no contest. (*Id.* ¶ 23.) Plaintiff objected to the demand for a plea and objected that the court was not a constitutionally compliant court of record under Nevada Revised Statutes 1.020 and 1.030. (*Id.* ¶ 24.) He avers that Matheus entered a false statement in the record that Pruitt entered a plea of not guilty. (*Id.* at 5 ¶ 25.)

Matheus appointed Ward to represent him in subsequent proceedings, and Plaintiff objected. (*Id.* ¶ 26.)

He goes on to assert that municipal courts are by definition courts of record proceeding according to common law, and that this is a "play on words" and Matheus is required to register with the federal government as a foreign agent. (*Id.* ¶¶ 28-32.)

Plaintiff's argument that the municipal court and its judicial officer lacked jurisdiction is unsupported by the law. The Nevada Revised Statutes provide that each city must have a municipal court presided over by a municipal judge. Nev. Rev. Stat. 5.010(1). Municipal courts have jurisdiction over violations of ordinances of their cities and over proceedings to prevent or abate a nuisance within city limits. Nev. Rev. Stat. 5.050(1). In addition, they have jurisdiction over all misdemeanors committed in violation of city ordinances. Nev. Rev. Stat. 4.050(2).

Plaintiff's claim that his rights were violated when a not-guilty plea was entered on his behalf also does not give rise to a claim. In fact, the Nevada Rules of Criminal Procedure (and the Federal Rules of Criminal Procedure) instruct the court to enter a plea of not guilty if a defendant refuses to enter a plea. *See* Nev. Rev. Stat. 174.035(6), Fed. R. Crim. P. 11(a)(4). Plaintiff avers that he objected to the court's demand that he enter a plea. Therefore, it was proper for the court to enter a not-guilty plea on his behalf.

In sum, Plaintiff fails to state any claim for relief under the second cause of action.

**3. Third Cause of Action for Trespass**

Plaintiff alleges that on March 21, 2017, defendant Doe Deputy 2 made an announcement to people waiting to enter the courtroom that no audio or video recording would be permitted, and Plaintiff claims he has a right to record public hearings and did not comply with the order, which he contends was unlawful. (ECF No. 1-1 at 5-6 ¶ 34.)

Plaintiff was back in the court before Matheus on that date. (Id. ¶ 36.) He contends that defendant Doe Deputy 2 approached Plaintiff and reached into Plaintiff's left breast pocket and seized Plaintiff's cell phone, and asked if he was recording the proceedings, and Plaintiff indicated he was. (Id. ¶ 37.) The deputy ordered Plaintiff to put his hands behind his back because he was unlawfully recording the proceedings. (*Id*. ¶ 38.) Plaintiff did not comply, and the deputy attempted to force Plaintiff's left arm behind his back as Plaintiff resisted. (*Id*.) Plaintiff claims this was an unlawful assault and battery. (*Id*.) He was arrested and removed from the public seating area to a place on the far left of the courtroom. (*Id*. ¶ 41.)

He claims that the deputy forced him to submit to a search of his body and private property without lawful, reasonable cause to do so. (*Id*. at 6-7 ¶ 41.) He claims that the deputy then retrieved Plaintiff's papers from his other seat, briefly inspected the paperwork and flipped through Plaintiff's Bible and placed them on his desk. (*Id*.)

He goes on to allege that Doe Deputies 2 and 3 conspired to remove him from the field of view of the courtroom security cameras. (*Id*. ¶ 42.)

He asserts that during his arrest he was roughly placed in handcuffs sustaining injury in the process, and jerked the handcuffs upward while holding the shoulder down which resulted in severe pain and injury. (*Id*. ¶ 43.) He was not told the nature of his arrest. (*Id*. ¶ 44.)

He made requests for water and Deputy 2 told him he had no right to water unless he had a medical condition. (*Id*. ¶ 45.)

Deputy 3 then asked Deputy 2: "What do we charge him with?" (*Id*. ¶ 46.) The deputy responded: "I don't care-does it matter?" (*Id*.)

Thirty minutes later the handcuffs were swapped for shackles by Deputy 2 with assistance from Deputy 3, and he asked that his papers be returned. (*Id*. at 7-8 ¶ 47.) He was told he could have them as soon as his case was called. (*Id*.)

When his case was called, he was taken to the bench in shackles which remained in place during his appearance before Matheus, and he was denied access to his case notes and property. (*Id*. at 8 ¶ 48.) He remained in handcuffs for 1.5 hours and was not formally charged with any crime. (*Id*.)

Plaintiff may have various First and Fourth Amendment claims against the two Doe deputies arising from the ban on recording court proceedings, seizure of his phone and papers, his arrest and seizure, excessive force and state law assault and battery claims; however, since he has yet to identify these defendants, the claims should be dismissed without prejudice. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (the use of Doe defendants is not favored in the Ninth Circuit). If Plaintiff discovers the identity of these defendants, he may seek leave to amend to add these claims.

**4. Fourth Cause of Action for Trespass**

Plaintiff goes on to allege that defendant Mouritsen presumed to stand in for defendant Ward to represent Plaintiff in the proceedings, but after the initial interview it was clear Plaintiff did not want or need assistance and Mouritsen requested to be removed from the case. (ECF No. 1-1 at 8 ¶ 51.) Mouritsen agreed to remain on the case as standby counsel, to which Plaintiff objected. (*Id*. ¶ 51.)

Plaintiff was approached by defendant Jensen who offered Plaintiff a deal of accepting a reduced plea of "rural speeding." (*Id*. ¶ 52.) Plaintiff did not accept the deal, and instead decided to challenge the court's jurisdiction. (*Id*. ¶ 53.)

Plaintiff inquired about the nature of the charges, and Matheus threatened to find Plaintiff in contempt of court. (*Id*. ¶ 54.) Plaintiff questioned the court's contempt authority. (*Id*. ¶ 55.)

Plaintiff alleges that Matheus coerced Plaintiff by threat of incarceration and a fine for contempt to erase the recording of the hearing from his cell phone. (*Id*. ¶ 56.)

Plaintiff received a notice instructing him to appear for a bench trial on April 28, 2017, and was released from his shackles. (*Id*. ¶ 59.) He asked for his papers. (*Id*.)

Insofar as his allegations concerning counsel are concerned, a defendant has a right to waive counsel so long as it is done knowingly and intelligently. *Faretta v. California*, 422 U.S. 806, 835 (1975) (citation omitted). Plaintiff admits it was his desire to waive counsel, but objects to the fact that Mouritsen remained on as standby counsel. "Of course, a State may-even over objection by the accused-appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *Id.* at n. 46 (citation omitted); *McKaskle v. Wiggins*, 465 U.S. 168, 177 (1984). The defendant is still entitled to "preserve actual control over the case" without substantial interference by standby counsel with "significant tactical decisions" or in controlling questioning of witnesses and speaking of matters of importance. *McKaskle*, 465 U.S. at 178. Nor may standby counsel "be allowed to destroy the jury's perception that the defendant is representing himself." *Id*. Here, Plaintiff does not allege that Mouritsen participated at all, let alone had any control over the defense. He simply alleges that he objected to Mouritsen's appointment as standby counsel. Therefore, this claim should be dismissed with prejudice.

Plaintiff's remaining allegations are against the municipal court judge, Matheus, and her conduct on the bench. As set forth above, Plaintiff's claim that the judge was without jurisdiction has no merit. In addition, "[j]udges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *see also Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (immunity is not limited to damages, but extends to actions for declaratory, injunctive or other equitable relief). As such, these claims should be dismissed with prejudice.

///

## III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order as follows:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1);

(2) Directing the Clerk to **FILE** the Complaint (ECF No. 1-1);

(3) Allowing Plaintiff to **PROCEED** with his Fourth Amendment claim against Osterman in the first cause of action;

(4) **DISMISSING** the second cause of action **WITH PREJUDICE**;

(5) **DISMISSING** the third cause of action **WITHOUT PREJUDICE**;

(6) **DISMISSING** the fourth cause of action **WITH PREJUDICE**;

(7) Directing the Clerk to ISSUE a summons for defendant Osterman and send Plaintiff copies of the Complaint and service of process form USM-285. Plaintiff should then be given twenty days to complete the USM-285 form and return it to the U.S. Marshal to complete service. Within twenty days of receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff shall file a notice with the court indicating whether the defendant was served. If service was not effectuated, and if Plaintiff wishes to have service again attempted, he must file a motion with the court specifying the unserved defendant and providing a more detailed name or address for that defendant, or indicating that some other manner of service should be attempted. Plaintiff should be reminded that, pursuant to Federal Rule of Civil Procedure 4(m), service must be accomplished within ninety days of the date of the filing of the Complaint. Should Plaintiff require an extension of time to complete service, he must file a motion seeking an extension supported by good cause before the ninety days has expired.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: June 28, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE