UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID MATHEW PRUITT,<br><br>                                Plaintiff,<br>      v.<br>STATE OF NEVADA, *et al.*,<br><br>                              Defendants. | Case No. 3:17-cv-00234-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

      Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 7) ("R&R" or "Recommendation") relating to Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) and *pro se* Complaint (ECF No. 1-1). Plaintiff had until July 12, 2017, to object to the Recommendation. To date, no objection to the Recommendation has been filed.

      This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See*

*United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's Recommendation. Upon reviewing the R&R and pro se Complaint, this Court finds good cause to adopt the Magistrate Judge's Recommendation in full.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 7) is accepted and adopted in its entirety.

It is further ordered that Plaintiff's IFP application (ECF No. 1) is granted.

It is further ordered that the Clerk file the Complaint (ECF No. 1-1).

It is further ordered that Plaintiff may proceed with his Fourth Amendment claim against Osterman in the first cause of action.

It is further ordered that the second cause of action is dismissed with prejudice;

It is further ordered that the third cause of action is dismissed without prejudice.

It is further ordered that the fourth cause of action is dismissed with prejudice.

It is further ordered that the Clerk to issue a summons for defendant Osterman and send Plaintiff copies of the Complaint and service of process form USM-285. Plaintiff will then have twenty (20) days to complete the USM-285 form and return it to the U.S. Marshal to complete service. Within twenty (20) days of receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff

1  must file a notice with the Court indicating whether the defendant was served. If service
2  was not effectuated, and if Plaintiff wishes to have service again attempted, he must file
3  a motion with the Court specifying the unserved defendant and providing a more detailed
4  name or address for that defendant, or indicating that some other manner of service
5  should be attempted. Plaintiff is reminded that, pursuant to Federal Rule of Civil
6  Procedure 4(m), service must be accomplished within ninety (90) days of the date of the
7  filing of the Complaint. Should Plaintiff require an extension of time to complete service,
8  he must file a motion seeking an extension supported by good cause before the ninety
9  (90) days has expired.

DATED THIS 21st day of July 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE